IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-228-S |
| | § | |
| FERNANDO LOPEZ, JR., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order date August 18, 2022, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on September 23, 2021 [Dkt. No. 4] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 20.

Defendant Fernando Lopez, Jr. personally appeared in person and through counsel for a final revocation hearing by on October 3, 2022.

After consideration of the filings, Defendant's statement on his own behalf, oral argument, the two character letters submitted on Defendant's behalf, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

## Background

Defendant Fernando Lopez, Jr. was sentenced to a sentence of 70 months, followed by a 2-year supervised release term, for the offense of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

Defendant began his term of supervised release on April 4, 2019.

### A.  Alleged Violations

On September 22, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following three violations:

**Previous Court Notifications**
On December 22, 2019, Mr. Fernando Lopez Jr. was arrested by the Dallas Police Department and committed the offense of Unlawful Possession of a Firearm by a Felon. In response, the Southern District of Iowa U.S. Probation Office, specifically U.S. Probation Officer Casey Ritchie respectfully requested an emergency warrant be issued by the Court, which was subsequently signed by U.S. Magistrate Judge Helen C. Adams. This violation as well as additional violations are included in the report below.
In May 2021, U.S. Probation Officer Korah Pounds requested jurisdiction of Mr. Lopez's case be transferred from the Southern District of Iowa, Des Moines Division, to the Northern District of Texas, Dallas Division. On May 14, 2021, Your Honor accepted jurisdiction of Mr. Lopez's case.

I.
**Violation of Mandatory Condition**
The defendant shall not commit another federal, state, or local crime.
**Violation of Mandatory Condition**
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
**Nature of Noncompliance**
On December 21, 2019, Fernando Lopez, Jr. violated these conditions of supervised release when he committed the offenses of Aggravated Assault with a Deadly Weapon, in violation of Texas Penal Code 22.02(a)(2), a 2nd Degree Felony; Deadly Conduct-Discharge Firearm at Individual, in violation

of Texas Penal Code 22.05(b)(1), a 3rd Degree Felony; Unlawful Possession of a Firearm by Felon, in violation of Texas Penal Code 46.04(a), a 3rd Degree Felony, which were filed by the Rockwall Police Department in connection the Unlawful Possession of a Firearm arrest initiated by the Dallas Police Department.

According to the Dallas Police Department (DPD) Incident Report #255788-2019 and criminal affidavits (12-23-19-3,12-23-19-2, 12-23-19-1) filed by the Rockwall Police Department, on December 21, 2019, Fernando Lopez, Jr., attended a company Christmas party at the El Patrillo De La Restaurant. While at the party, Adeline Martinez Acosta, Mr. Lopez's roommate became intoxicated and began having trouble walking. After Ms. Acosta was carried to Mr. Lopez's vehicle by witnesses, his sobriety was questioned. It was at that time, Mr. Lopez became verbally aggressive, reached under his shirt, and pulled out a black semi-automatic "Glock style" handgun. A witness returned in the restaurant to notify her husband, Pedro Nino of Mr. Lopez's action. After Mr. Nino asked Mr. Lopez if everything was okay, Mr. Lopez pointed the handgun in the direction of Mr. Nino and threaten to shoot people. The affidavit also notes Mr. Nino heard Mr. Lopez say, "Someone is doing to die tonight." After Ms. Acosta willingly entered Mr. Lopez's vehicle, he drove away, firing three to four shots from his vehicle.

After leaving the restaurant, on December 22, 2019, at approximately 00:39, both a request for a welfare check and disturbance call involving Mr. Lopez and Ms. Acosta were received by DPD. Upon arriving at Mr. Lopez's residence, DPD Officers Kebart and McNeal contacted Mr. Lopez and he was taken into custody. Mr. Lopez was arrested on an outstanding warrant for Public Intoxication and Unlawful Possession of a Firearm by a Felon as a Taurus G2C 9-millimeter handgun was located in a bush next to him. He was booked into the Dallas County Jail and later transferred to Rockwall County.

On July 1, 2021, in the 439th District Court of Rockwall County, Texas, Mr. Lopez plead guilty to Aggravated Assault with a Deadly Weapon, in violation of Texas Penal Code 22.02(a)(2), a 2nd Degree Felony in Case Number 2-20-0204 and Unlawful Possession of a Firearm by Felon, in violation of Texas Penal Code 46.04(a), a 3rd Degree Felony in Case Number 2-20-0206. H was sentenced to 8 years custody by Judge David E. Rakow to be served in the Texas Department of Criminal Justice (TDCJ) with 557 days jail credit, to run concurrently. The Deadly Conduct-Discharge Firearm at Individual offense was dismissed, due to it being included in the Aggravated Assault with a Deadly Weapon offense. Mr. Lopez is currently in the custody of the TDCJ at the Beto Unit in Tennessee Colony, Texas.

II.
**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The

defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug test thereafter, as determined by the court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition**

The defendant shall participate in a program of testing and/or treatment for substance abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Office. At the direction of the probation office, the defendant shall receive a substance abuse evaluation and participate in inpatient and/or outpatient treatment, as recommended. Participation may also include compliance with a medication regimen. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third-party payment. The defendant shall not use alcohol and/or other intoxicants during the course of supervision.

**Nature of Noncompliance**

Fernando Lopez, Jr. violated these conditions of supervised release by using cocaine, an illegal controlled substance, in or about December 2019. On December 9, 2019, Mr. Lopez submitted urine specimen to contract vendor, Phoenix Associates Counseling Service (PACS), Garland, Texas which tested positive for cocaine. On January 21, 2020, an Alere Toxicology report confirmed the sample was positive for cocaine.

III.

**Violation of Special Condition**

If not employed, the defendant shall perform 20 hours of unpaid community service per week at a non-profit agency as directed and monitored by the U.S. Probation Officer.

**Nature of Noncompliance**

Fernando Lopez, Jr. violated this condition of supervised release by failing to complete 20 hours of unpaid community service. Mr. Lopez failed to complete his required 20 hours of community service after being instructed to complete it on April 8, 2019, June 5, 2019, July 2, 2019, July 12, 2019, and October 23, 2019, by U.S. Probation Officer Beau Morris.

**Personal History**

Fernando Lopez, Jr. began his term of supervised release on April 4, 2019, in the Northern District of Texas. Mr. Lopez lived at 9412 Gonzales Drive, B, Dallas, Texas 75227. At the time of his arrest, Mr. Lopez was unemployed.

> While on supervision, Mr. Lopez's compliance with condition of supervised release was satisfactory. Mr. Lopez was enrolled in substance abuse testing and treatment at Homeward Bound Incorporated, in Dallas, Texas and PACS. While enrolled in the treatment, he submitted one positive urine specimen on December 9, 2019. Mr. Lopez was discharged from treatment due to his arrest in December 2019.
>
> In an effort to address his failure to complete his community service, U.S. Probation Officer Beau Morris used Staff Training Aimed at Reducing Re-arrests (STARR), an evidenced-based program used to reduce risk and recidivism by using behavioral strategies to help assist and encourage the person under supervision. Unfortunately, these efforts were to no avail.

Dkt. No. 4 at 1-4.

On September 3, 2021, Judge Scholer signed the petition and issued a warrant for Defendant. *See id.* at 5; Dkt. No. 5. Defendant made his initial appearance on August 17, 2022. *See* Dkt. No. 14. He was ordered detained pending a final revocation hearing. *See* Dkt. No. 19.

### B. Revocation Hearing

Defendant appeared with counsel for a final revocation hearing on October 3, 2022. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant agreed to – and did – plead true to the alleged violations numbered I through III in the Petition.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for a sentence at the low end of the advisory range of 12 to 18 months, to run concurrently to his current undischarged 8-year state prison

term, with no additional term of supervised release. The government urged that Defendant be revoked and sentenced within the recommended 12- to 18-month range. Defendant himself took responsibility for his actions and asked for a prison term to run concurrently to his state prison term.

At the conclusion of the hearing, the undersigned orally recommended that Judge Scholer accept Defendant's pleas of true to the alleged violations numbered I through III in the Petition, that Judge Scholer find that Defendant violated his supervised release conditions as alleged in the Petition, that Defendant's term of supervised release be revoked, and that Defendant be sentenced to an additional term of imprisonment of 12 months, to run concurrently to his current undischarged 8-year state prison term, with no additional term of supervised release and with credit for any time served. And Defendant was advised of his right to object to these recommendations to Judge Scholer.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison

> if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I through III in the Petition, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and of a firearm, the Court should not, in its discretion, apply this exception. Rather, after considering the relevant factors identified in 18 U.S.C. § 3583(e) that are set forth in 18 U.S.C. § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition, the statutory maximum term of incarceration on revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 4 at 4 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of A and a criminal history category of I, and the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 12-18 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 4 at 4 (citing 18

U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to life. *See* Dkt. No. 4 at 4.

A sentence of 12 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). Defendant violated his conditions of supervised release in less than a year of beginning his term and has now been sentenced in state court to an 8-year prison term for the offense alleged in violation number I in the Petition – which included very serious and dangerous conduct involving pointing a firearm at another person and later actually discharging it. But Defendant is serving a substantial state prison term for that same offense conduct. A 12-month term of imprisonment to run concurrent with his state prison sentence is appropriate to protect the public and assist Defendant with learning from and avoiding further dangerous, illegal, and problematic behavior in the future. And, based on these particular circumstances, the Court should vary from the policy statement insofar as the policy statement would suggest that a prison term run consecutively with an undischarged state prison term

And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing applicable in this context. After serving these effectively combined state and federal prison terms, Defendant would not benefit from an additional term of supervised release.

## Recommendation

Defendant Fernando Lopez, Jr.'s term of supervised release should be revoked, and he should be sentenced to a term of imprisonment of 12 months to run concurrently to his current state prison sentence, with no additional term of supervised release and with credit for any time served.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE